IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JOSHUA TILLER                                                                    PLAINTIFF

          v.                          Civil No. 4:15-cv-04040

SERGEANT McALLESTER, Southwest
Arkansas Community Correction Center
(SWACCC); R. WISE, Health Service
Administrator, Correct Case Solutions (CCS);
JERRY BRADSHAW, Deputy Director, Arkansas
Community Correction (ACC); BRITNEY CARTER,
Administrative Specialist, ACC, JANET MYERS,
CCS; DR. VEIGEAS, CCS; CONNY MASON, CCS;
and DR. McALISTER, CCS                                                           DEFENDANTS


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff

proceeds *pro se* and *in forma pauperis.*  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and

(3)(2014), the Honorable Susan O. Hickey, United States District Judge, referred this case to the

undersigned for the purpose of making a report and recommendation.

The case is before me on a Motion to Dismiss (ECF No. 9) filed by Defendants Deputy

Director Bradshaw and Sergeant Brenda McAlister and the Motion to Dismiss (ECF No. 21) filed

by Defendant Britney Carter (collectively referred to as the Arkansas Community Correction (ACC)

Defendants).[1]  Plaintiff has not responded to the Motions.  The Motions are ready for decision.

---

[1]Formerly, the Arkansas Department of Community Correction.

**(1). Background**

According to the allegations of the complaint, Plaintiff's parole was revoked and he was sentenced to a period of incarceration in the ACC. On April 23, 2014, Plaintiff was transferred from the Hot Spring County Detention Center to the Southwest Arkansas Community Correction Center (SWACCC), located in Texarkana, Arkansas.

Transported with the Plaintiff were his prescription medications including antibiotics to help him fight off a viral infection in his lungs, chest, throat, and head and a prescription for Prozac. Plaintiff alleges that Sergeant McAllester, the intake officer at the SWACCC, refused the medications informing the Plaintiff that he would be given medication by the medical personnel at the SWACCC.

Plaintiff was seen at intake by a nurse. Plaintiff alleges she could not write prescriptions and could not give him the medication he was transported with. On April 30, 2014, Plaintiff states he found out how to submit a request for an interview with the Health Services Administrator (HSA). Plaintiff complained that he had been in the facility for nine days and had not been seen by a doctor or provided his prescribed medications. In response, R. Wise told the Plaintiff to be more patient.

Finally, on May 15, 2015, Plaintiff states he was seen by Dr. McAlister "just long enough for him to criticize me and say that I had hepatitis C." Doc. 1 at pg. 6. Plaintiff submitted another request for an interview with the HSA. Plaintiff states he was called back the following day by Dr. McAlister. He told the doctor he had fallen thirty feet to a rock hillside and then tumbled seventy to ninety feet down it. Plaintiff alleges he suffered damage to his joints and back, internal bleeding in his brain, and injury to his kidneys. According to Plaintiff, Dr. McAlister asked if the Plaintiff knew how many people were at the facility; gave Plaintiff some bending and stretching exercises to

perform; and told the Plaintiff that his blood work would be scheduled.  Plaintiff alleges he was told he was not healthy enough to be at the SWACCC.

Plaintiff states that when he got an infection in his ear that was bleeding he did not get seen and put in another request for an interview to the HSA only to be told to submit another sick call request.  At some unspecified date, Dr. Estava prescribed Plaintiff something for chronic pain.  When Plaintiff was later seen by a  Dr. Veigeas, Dr. Veigeas said that he had been told by his boss "not to treat anyone for chronic pain any more when the prescription Dr. Estava had [given the Plaintiff] ran out."  Doc. 1. at pg. 10.

Plaintiff alleges he submitted more than thirty sick call requests in an attempt to get treatment.  Thereafter, Plaintiff submitted requests for interviews, for informal resolution, and finally formal grievances about the lack of medical care.  Plaintiff alleges the CCS Defendants had not: reviewed his medical records; considered the fact that he suffered from chronic pain; or offered any treatment to help him move with less pain.  With respect to the administrative review process, Plaintiff states Britney Carter merely interviewed him and restated his injuries without providing him any medical treatment.  With respect to Deputy Director Bradshaw's review of Plaintiff's grievance appeal, Plaintiff states that Deputy Director Bradshaw merely concluded the intake physical had resolved the issue.

### (2).  Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on

its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

**(3). Discussion**

The ACC Defendants have moved to dismiss the case as against them on the following grounds: (1) Plaintiff has failed to plead facts alleging he suffered from an objectively serious medical need or that the ACC Defendants deliberately disregarded the same; (2) Plaintiff's broad conclusory allegations are insufficient to state a claim under § 1983; (3) the Defendants, in their individual capacities, are entitled to the protections afforded by qualified immunity; and (4) the ACC Defendants in their official capacities are not subject to suit under § 1983.

"Where a prisoner needs medical treatment prison officials are under a constitutional duty to see that it is furnished." Crooks v. Nix, 872 F.2d 800, 804 (8th Cir. 1989)(citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). The Eighth Amendment deliberate indifference standard applies to all denial of medical care claims. Carpenter v. Gage, 686 F.3d 644, 650 (8th Cir. 2012). The deliberate indifference standard has both an objective and a subjective component. Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). A plaintiff must demonstrate that (1) he suffered an objectively serious medical need; and (2) the defendant actually knew of the medical need but,

-4-

subjectively, was deliberately indifferent to it.  Grayson v. Ross, 454 F.3d 802, 808-09 (8th Cir. 2006).

### (A).  Objectively Serious Medical Need

The Defendants first argument is that Plaintiff was not suffering from an objectively serious medical need. "An objectively serious medical need is one that either has been diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Jones v. Minnesota Dep't of Corrections, 512 F.3d 478, 481 (8th Cir. 2008)(internal quotation marks and citation omitted).

Plaintiff has alleged that he suffers chronic pain as a result of his injuries from the fall. Chronic pain has been held to constitute a serious medical need. See e.g., Elliott v. Tseng, No. 2:11-cv-03118, 2014 WL 3966377, *13 (E.D. Cal. Aug. 13, 2014)("[C]hronic pain symptoms, particularly in the lower back, constitute objectively 'serious medical needs' within the meaning of the Eighth Amendment"); King v. Kesse, No. Civ. 12-4120, 2012 WL 4372137 (D.S.D. Sept. 24, 2012)("chronic pain and infection are health conditions that a layperson might recognize as requiring medical attention"); Johnson v. Doyle, 2011 WL 846141 (E.D. Mo. March 8, 2011)(genuine issue of material fact as to whether plaintiff suffered from an objectively serious medical need when he had been diagnosed with chronic pain and prescribed pain relieving medication).  Further, Plaintiff has alleged that he was informed that he had Hepatitis C by Dr. McAllester.  Hepatitis C constitutes a serious medical need.  See e.g., Brown v. Johnson, 387 F.3d 1344, 1351 (11th. Cir.  2004); Loadholt v. Moore, 844 F. Supp. 2d 1274, 1280 (S.D. Ga. 2012); James v. Geerken, No. 5:10-cv-259, 2012 WL 602775 (N.D. Fla. Jan. 20, 2012).  Plaintiff has alleged sufficient facts to state a plausible claim that he has a serious medical need.

**(B).  Deliberate Indifference**

Defendants next argues that the Plaintiff has not pled sufficient facts to establish that they deliberately disregarded his serious medical needs.  "In order to demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health."  Thompson v. King, 730 F.3d 742, 746-47 (8th Cir. 2013)(internal quotation marks and citation omitted). Intentionally denying or delaying access to medical care may constitute deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

In this case, the ACC Defendants are not medical Defendants.  Sergeant McAllester's involvement with the Plaintiff was limited to intake.  Plaintiff was seen at intake by a nurse.

Deputy Director Bradshaw's only involvement was his review of a grievance appeal.  At the time of the appeal, Plaintiff had been seen by doctor.  CCS provided a response to the grievance. Deputy Director Bradshaw noted that Plaintiff had received an intake physical and there was no evidence to support Plaintiff's claim of deliberate indifference to his medical needs.

With respect to Administrative Specialist Britney Carter, Plaintiff alleges that her determination that his medical issues had been resolved totally ignored his complaint of deliberate indifference and incompetence.  She, however, noted he had received an intake physical and was under the care of a doctor although he disagreed with the doctor's decisions.

Plaintiff's allegations do not suggest that these Defendants had sufficient personal involvement with the medical treatment decisions.  "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."  Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).  No plausible claim is stated that the

ACC Defendants engaged in any "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.

Having concluded there is no plausible claim that Defendants exhibited deliberate indifference to the Plaintiff, I need not address the ACC Defendants' remaining arguments.

### (4).  Conclusion

For the reasons stated, I recommend that Defendants' Motions to Dismiss (ECF Nos. 9 & 21) be **GRANTED**.  The claims against the ACC Defendants, Sergeant McAllester, Deputy Director Jerry Bradshaw, and Administrative Specialist Britney Carter should be dismissed.

The case will proceed on Plaintiff's claims against the medicare care personnel.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 3rd day of September 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE