IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSHUA TILLER                                                                                           PLAINTIFF

      v.                              Civil No. 4:15-cv-04040

R. WISE, Health Service Administrator,
Correct Care Solutions (CCS);
DR. McALISTER, CCS; JANET MYERS, Health Service
Administrator, CCS; DR. VEIGEAS, CCS; and
CONNIE MASON, Health Service Administrator, CCS                            DEFENDANTS

**ORDER**

    Pending before me for decision are the following: (1) a Motion to Rescind Order (ECF No. 33); (2) a Motion for Issuance of a Subpoena (ECF No. 35); (3) a Motion for Issuance of a Subpoena (ECF No. 36); (4) a Motion for Issuance of a Subpoena (ECF No. 37); (5) a Motion for Issuance of a Subpoena (ECF No. 38); and (6) a Motion to Compel (ECF No. 39).

    **1.** **Motion To Rescind** (ECF No. 33)

    Plaintiff asks that the order adopting the report and recommendation be rescinded because his objections were not considered by the Court. The report and recommendation dealt with a motion to dismiss (ECF No. 21) that was filed on August 6, 2015. Plaintiff did not respond to the motion. The report and recommendation (ECF No. 23) was filed on September 3, 2015. The report and recommendation was adopted on September 22, 2015 (ECF No. 24). Plaintiff's objections (ECF No. 30) were not filed until October 5, 2015. However, he contends he mailed the objections on September 18th.

    There is nothing in the objections (ECF No. 30) that would change the Court's ruling on the motion to dismiss. The Motion to Rescind (ECF No. 33) is **DENIED.**

2. **Motion for Issuance of a Subpoena** (ECF No. 35)

In this Motion, Plaintiff seeks copies of any Arkansas Community Correction (ACC) or Southwestern Arkansas Community Correction Center (SWACCC) policies and procedures applicable to inmates coming into the facility with existing medical prescriptions.

The Motion (ECF No. 35) is **DENIED.** No subpoena should be necessary to obtain these policies. Correct Care Solutions is the contract medical provider for the ACC. Defendants should therefore have any such applicable policies. Defendants' counsel is directed to treat this Motion as a request for the production of documents and to respond within thirty days of the date of this order.

3. **Motion for Issuance of a Subpoena** (ECF No. 36)

In this Motion, Plaintiff asks for the production of various documents from Correct Care Solutions. The Motion (ECF No. 36) is **DENIED.** Again, no subpoena should be necessary. Defendants' counsel is directed to treat this Motion as a request for the production of documents and to respond within thirty days of the date of this order.

4. **Motion for Issuance of a Subpoena** (ECF No. 37)

Here, Plaintiff seeks the production of documents from the Hot Spring County Detention Center. The Motion (ECF No. 37) is **GRANTED.** Accordingly, **the Clerk is directed to issue a subpoena to the Records Custodian of** Hot Spring County Detention Center, 1 Detention Lane, Malvern, AR 72104.

The subpoena should require the production of the following:

all records, whether print or electronic, regarding Joshua Tillers intake processing including the handling of prescription medication, the medical care or treatment he received, any requests, grievances, or sick call requests he submitted, and all release records of Joshua Tiller, Arkansas Department of Correction #131831, from his most recent incarceration at the facility.

The subpoena should be served by certified mail, return receipt requested. The records shall be produced by **March 22, 2016**. The records should be accompanied by an affidavit of the records custodian. The records should be delivered to United States District Court, Western District of Arkansas, Pro Se Office, 35 E. Mountain Room 510, Fayetteville, AR 72701.

5. **Motion for Issuance of a Subpoena** (ECF No. 38)

In this Motion, Plaintiff seeks copies of all his medical records on file with the Social Security Administration (SSA); all records showing contact with the Arkansas Department of Community Correction/Arkansas Community Correction (ADCC/ACC); and transcripts of all phone conversations recorded by Social Security Administration employees concerning Plaintiff and the ADCC/ACC.

The Motion (ECF No. 38) is **DENIED.** Whether or not the Plaintiff was deemed to be disabled by the SSA is not at issue in this case. If Plaintiff desires records from a specific medical care provider, he may ask that those records be subpoenaed. In that event, Plaintiff should provide the name and address of the medical care provider and the dates of treatment at issue.

6. **Motion to Compel** (ECF No. 39)

Defendants have filed a Motion to Compel answers to discovery requests (ECF No. 39). Defendants state they propounded interrogatories and requests for production of documents to the Plaintiff on October 5, 2015. On November 19, 2015, Defendants state they received Plaintiff's untimely responses but that they consist of objections and referrals to the complaint. Defendants state Plaintiff also failed to execute a medical authorization.

Defendants ask the Court to enter an order compelling the Plaintiff to fully and completely respond to the discovery requests and to execute a medical authorization. The Court agrees that

Plaintiff's responses are inadequate.  Plaintiff may not simply refer to the Complaint in response to interrogatories.  Instead, he must answer each interrogatory fully.  With respect to the medical authorization, Plaintiff has put his medical condition at issue in this case and Defendants are entitled to review his medical records.

Accordingly, Defendants' Motion to Compel (ECF No. 39) is **GRANTED** and Plaintiff is **ORDERED** as follows:

1. **Plaintiff is directed to provide Defendants with the required responses to the discovery requests by 5:00 p.m. on March 21, 2016.**

2. **Plaintiff is directed to execute the medical authorization and return to Defendant's Counsel by 5:00 p.m. on March 21, 2016.**

If Plaintiff fails to provide the discovery responses or medical authorization as ordered, Defendants should notify the Court by filing a motion to dismiss.  **Plaintiff is advised that failure to comply with an Order of Court may subject this case to summary dismissal.**

**IT IS SO ORDERED** this 26th **day of February 2016**.

    /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    UNITED STATES MAGISTRATE JUDGE