IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSHUA TILLER                                                                                           PLAINTIFF

V.                                    CASE NO. 15-CV-04040

ROGER WISE, Health Service Administrator,
Correct Care Solutions (CCS); DR. MICHAEL
McALISTER, CCS; JANET MYERS, CCS;
DR. MARK VIEGAS, CCS; and CONNIE MASON, CCS        DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed January 25, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 61. Judge Bryant recommends that Defendants' Motion for Summary Judgment (ECF No. 44) be granted in part and denied in part. Separate Defendant Dr. Michael McAlister has filed objections to Judge Bryant's Report and Recommendation. ECF No. 62. The Court finds this matter ripe for consideration.

### I. BACKGROUND

On April 23, 2014, Plaintiff was transferred from the Hot Spring County Detention Center to the Southwest Arkansas Community Correction Center ("SWACCC"). ECF No. 45-3, p. 21. At that time, Plaintiff was taking various prescription medications. ECF No. 45-3, p. 22. Upon his arrival at the SWACCC, intake staff refused to accept Plaintiff's medications from the officer who transported him from the Hot Spring County Detention Center. ECF No. 1, pp. 5-6. Plaintiff claims that he was told that he would receive his medications from the SWACCC Medical Department. ECF No. 1, p. 6. However, Plaintiff alleges that he was not seen by a

doctor for some weeks and was, likewise, not provided the medications he was prescribed. ECF No. 1.

Judge Bryant recommends that the Court find that Defendants Connie Mason, Dr. Mark Viegas, and Janet Meyers are entitled to summary judgment because Plaintiff did not submit grievances against them and therefore failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act. Judge Bryant also recommends that the Court find that Roger Wise is entitled to summary judgment due to the fact that Plaintiff sued Defendant Wise under a theory of *respondeat superior*. Finally, Judge Bryant recommends that the Court should find that Defendant McAlister is not entitled to summary judgment. Judge Bryant states his belief that there are genuine issues of material fact as to whether the abrupt discontinuation of Plaintiff's medication without the exercise of medical judgment constitutes deliberate indifference to Plaintiff's serious medical needs.

Defendant McAlister is the only party who has filed an objection to Judge Bryant's Report and Recommendation. The core of Defendant McAlister's objections focus on the contention that he is not responsible for the facts that Plaintiff's medications were not accepted upon arrival at the SWACCC and that Plaintiff was not seen by a staff physician until some weeks after his arrival. ECF No. 62. Furthermore, Defendant McAlister argues that the exercise and stretching regimen he prescribed in lieu of prescription medicines was sufficient under the circumstances. ECF No. 62. Defendants have attached the sworn affidavit of Dr. Robert Floss to their Motion for Summary Judgment. Dr. Floss states that, in his medical opinion, the treatment provided by Defendant McAlister was appropriate. ECF No. 45-5.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

2

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

FED. R. CIV. P. 56(a). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

### III. DISCUSSION

Plaintiff makes two arguments in relation to Defendant McAlister. First, Plaintiff argues his prescription medications should have been accepted upon his arrival at the SWACCC and that his prescribed treatments should have continued until he was seen by an SWACCC staff

3

physician. Plaintiff appears to believe that Defendant McAlister was responsible for the refusal of his medication; for his lack of immediate medical exam; and for the failure of the SWACCC to continue his prescribed treatments. Second, Plaintiff argues that the care he received from Defendant McAlister was insufficient. Plaintiff claims his Eighth Amendment rights have been violated and seeks relief for these alleged wrongs under 42 U.S.C. § 1983. The Court will address each of these contentions in turn.

"The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, . . . prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 297-298 (1991) (internal citations omitted). In *Estelle v. Gamble*, the Supreme Court held that in order to state a claim for inadequate medical treatment under the Eighth Amendment, an inmate "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. 97, 106 (1976). This "deliberate indifference" standard, therefore, has two components—one subjective and the other objective. *See*, *e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). "In order to succeed, an inmate must show both that he or she had an objectively serious medical need and that the defendant knew of and disregarded that need." *Rahija*, 114 F.3d at 784. "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Id*. (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)). To satisfy the subjective element, the plaintiff must show that the defendant had actual knowledge of the inmate's medical need and disregarded that need. *Id*. at 785. "A prison official may be held liable under the Eighth Amendment if he or she knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*.

4

### A. Failure to Accept Plaintiff's Medication, Perform an Immediate Evaluation, and Continue Plaintiff's Prescribed Regimen

In regard to this claim, Plaintiff has failed to establish that Defendant McAlister's actions constitute deliberate indifference to his serious medical needs. Plaintiff states that he believes inmates are "supposed to be screened by a doctor immediately" upon arrival to the SWACCC and that he thought Defendant McAlister was the supervising physician at the SWACCC. ECF No. 45-3, pp. 61, 77. However, Plaintiff has failed to show, and the Record does not support a finding that, Defendant McAlister controls or directs medical intake procedures at the SWACCC. Instead, the Record simply establishes that Defendant McAlister is one of many physicians who treat inmates once they are residents of the SWACCC. Therefore, the Court finds that Defendant McAlister is entitled to summary judgment in regard to this claim as Plaintiff has failed to demonstrate the existence of specific facts in the Record that create a genuine issue for trial.

### B. Adequacy of Care Provided by Defendant McAlister

Plaintiff's claim that Defendant McAlister's care and treatment violated the Eighth Amendment also fails. Although the Record clearly shows that Plaintiff was dissatisfied with the treatments Defendant McAlister prescribed—namely stretches and exercises in lieu of prescription medication—there is no evidence that Defendant McAlister disregarded Plaintiff's medical needs. It is evident that Defendant McAlister was aware of Plaintiff's needs and acted in a way that he felt was medically appropriate. Defendant McAlister examined Plaintiff's records and noted that he may have suffered from Hepatitis C and, because of that, decided to forego prescribing various medicines that Plaintiff requested because those medications could cause adverse health effects. Thus, Defendant McAlister chose a course of treatment that sought to both protect Plaintiff from possible adverse side effects of certain medications while also alleviating the pain from which Plaintiff claims to suffer. Defendant McAlister also advised Plaintiff to log his compliance with the exercise and stretching prescription and to return if his

5

pain did not abate, thus showing that Defendant McAlister intended to continue providing care and alter the treatment plan if his prescribed course of treatment did not resolve the issue. Furthermore, Defendant McAlister has filed an affidavit of Robert Floss, M.D., in which Doctor Floss states that Defendant McAlister's prescribed regimen was medically appropriate. All of these facts make it very clear that Defendant McAlister did not act with deliberate indifference to Plaintiff's serious medical needs. Therefore, Defendant McAlister is entitled to summary judgment in regard to this claim, as there is no genuine issue of material fact.

### IV. CONCLUSION.

For the foregoing reasons, the Court will adopt Judge Bryant's Report and Recommendation in part insofar as it recommends summary judgment be granted in favor of Defendants Connie Mason, Mark Viegas, Janet Myers, and Roger Wise. However, the Court will not adopt Judge Bryant's recommendation in relation to Defendant McAlister, and finds that summary judgment is proper in relation to Defendant McAlister, as the Record does not support a finding that material factual issues remain. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 44) should be and hereby is **GRANTED**. Plaintiff's claims against all Defendants are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 6th day of March, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge